RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 7/15/10
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ADAMS FAMILY TRUST | CIVIL ACTION NO. 09-1625 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JOHN HANCOCK LIFE INSURANCE COMPANY, ET AL. | MAG. JUDGE MARK HORNSBY |

RULING

Pending before the Court is an Appeal [Doc. No. 20] of Magistrate Judge Mark Hornsby's Memorandum Order [Doc. No. 19] denying Plaintiff Adam Family Trust's Motion for Extension of Scheduling Order Deadlines [Doc. No. 16]. For the following reasons, the Magistrate Judge's Memorandum Order is AFFIRMED, and Plaintiff's Appeal is DISMISSED.

I.  FACTUAL AND PROCEDURAL HISTORY

This case arises from a dispute over a life insurance policy issued by Defendant John Hancock Life Insurance Company to Susan Adams Fordham and Mary Kathryn Adams Welch, as trustees of Adams Family Trust. See [Doc. No. 1].

In 2001, Plaintiff applied to Defendant for a life insurance policy to insure the life of Mary Helen Adams ("Ms. Adams"). Id.

On August 31, 2001, Defendant issued Plaintiff a Flexible Premium Variable Universal Life Insurance Policy ("Policy"). See [Doc. No. 22, Exhibit A-1]. The Policy required that Plaintiff make certain payments to Defendant in exchange for Defendant's promise to pay Plaintiff $1,000,000.00 upon the death of Ms. Adams. Id.

On February 7, 2009, Ms. Adams died. Plaintiff alleges that Defendant did not pay the

money owed under the Policy. [Doc. No. 1].

On August 7, 2009, Plaintiff filed suit against Defendant in state court. [Doc. No. 1]. On September 16, 2009, Defendant removed the case to this Court. [Doc. No. 2]. On December 2, 2009, the Court issued a Scheduling Order, setting the deadline to amend pleadings on February 19, 2010; the deadline for completion of discovery on May 20, 2010; and the trial date on October 5, 2010. [Doc. No. 10].

Plaintiff asserts that, prior to March 9, 2009, Defendant produced more than 1000 pages in its initial disclosures and in responses to Plaintiff's written discovery requests, and that the "John Hancock-Century Securities Associates written agency agreement [("Agency Agreement")] under which the subject investment was sold to plaintiff was not among the pages produced." [Doc. No. 20].

On March 9-10, 2010, Plaintiff deposed Defendant's representative as well as other employees of Defendant in Toronto, Canada. *Id.* Plaintiff asserts that during one of the depositions, for the first time, Defendant allowed Plaintiff to inspect the Agency Agreement. *Id.* Plaintiff also asserts that, after an inspection of the Agency Agreement, Plaintiff was able to amend its pleadings "to more particularly allege fraud and intentional conduct." *Id.*

On March 26, 2010, Plaintiff filed a Motion for Extension of Scheduling Order Deadlines, requesting that the Court amend the Scheduling Order to allow Plaintiff until May 15, 2010, to amend its pleadings. [Doc. No. 16]. The motion was referred to Magistrate Judge Mark Hornsby. [Doc. No. 17]. On April 16, 2010, Defendant filed a Memorandum in Opposition to the motion. [Doc. No. 18]. On May 11, 2010, the Magistrate Judge issued a Memorandum Order, denying Plaintiff's motion. [Doc. No. 19].

On May 20, 2010, Plaintiff filed an Appeal of the Magistrate Judge's Memorandum Order. [Doc. No. 20]. On June 10, 2010, Defendant filed a Response to Plaintiff's Appeal. [Doc. No. 28].

## II.  LAW AND ANALYSIS

The Magistrate Judge's Memorandum Order is a ruling on a non-dispositive pre-trial matter. The Court reviews a magistrate judge's rulings on a non-dispositive matter only to determine whether they are clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

When denying Plaintiff's motion to amend the scheduling order, the Magistrate Judge made the following findings:

> Plaintiff has not shown good cause for an extension of the expired deadline. If Plaintiff had any difficulty obtaining discovery or scheduling depositions before the deadline, he could and should have filed a motion to compel that discovery. This suit was filed nine months ago on August 7, 2009. Trial is set for October 5, 2010, and the deadline for all discovery is only days away. Extending the deadline for amendments/joinder at this point would almost certainly result in a continuance of the trial date. And if, as the motion seems to contemplate, new parties may be added, the existing parties would be required to bear the expense of re-opening prior discovery.
>
> Given Plaintiff's lack of diligence in promptly conducting and/or compelling the necessary discovery, and in light of the prejudice that would be suffered by the existing parties, the best exercise of the court's discretion is to deny the motion to extend the deadline for amendments.

Id.

Plaintiff argues that the Magistrate Judge erred in denying Plaintiff's motion by finding that good cause had not been shown because (1) Plaintiff was diligent in conducting discovery prior to the deadline to amend pleadings; (2) Plaintiff's proposed amendment to its pleadings is important in order to provide Defendant with formal notice of the full extent of the fraud alleged in Plaintiff's

3

petition; (3) Defendant would not be prejudiced if the Court were to allow the amendment; and (4) a continuance of the trial would cure any such prejudice that might exist.

"[Federal Rule of Civil Procedure] 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) (quotation and citation omitted). The rule states that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C.*, 315 F.3d at 535 (quotation and citation omitted). In the context of untimely motions to amend pleadings, the Court should consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536 (quotations and citations omitted).

The Magistrate Judge considered Plaintiff's arguments and had ample reason to believe that the relevant factors weighed against allowing Plaintiff to amend its pleadings. Plaintiff did not show (1) that Defendant withheld the Agency Agreement from a proper discovery request prior to the deadline to amend pleadings; (2) that Plaintiff could not have made a proper discovery request for the Agency Agreement or conducted the necessary depositions prior to the deadline to amend pleadings; (3) that Defendant would not be prejudiced by the added costs of extending discovery deadlines; or (4) that continuing the trial would reduce or eliminate those added costs. Plaintiff has otherwise failed to show that the Magistrate Judge's decision to discount the importance of allowing Plaintiff to amend its pleadings in favor of other relevant factors was an abuse of his discretion.

The Court finds that the Magistrate Judge's Memorandum Order denying Plaintiff's Motion

for Extension of Scheduling Order Deadlines was not clearly erroneous nor contrary to law.

### III. CONCLUSION

For the foregoing reasons, the Magistrate Judge's Memorandum Order [Doc. No. 19] is AFFIRMED, and Plaintiff's Appeal [Doc. No. 20] is DISMISSED.

MONROE, LOUISIANA, this 14 day of July, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE